CITED *in State* v. *Hale*, 1 *Dutch.* 328.

---

THE STATE (A. W. CANFIELD ET AL. PROSECUTORS) v. THE MORRISTOWN FIRE ASSOCIATION.

1. The term " capital stock," in an act of incorporation, means the amount contributed or advanced by the stockholders or members of the company, and does not refer to the *property* of the company.

2. The Morristown Fire Association are, by the terms of their charter and supplement, limited in their power of assessments to the sum designated in those acts ; when that sum has been raised, the power of further assessment is exhausted.

This cause came into this court on *certiorari* removing an assessment made by the defendants on property within the limits of their association, which the prosecutors contended was illegal.

By an act, passed on the 27th of February, 1837, (*Pamph. Laws* 228) the proprietors of buildings liable to injury by fire, within certain specified limits in Morristown, were constituted a body politic and corporate, by the name of " the Morristown Fire Association." By the second section of the act, it is enacted, " that the *capital stock* of said association shall not exceed the sum of two thousand dollars." By a supplemental act, passed on the 21st of February, 1840, (*Pamph. Laws* 55) the association were empowered, at their next annual meeting, and at any subsequent annual meeting, to raise by tax, for the objects of said corporation, any sum not exceeding five hundred dollars ; *provided however*, that the *capital stock* of said corporation shall at no time exceed the sum of four thousand dollars." The association, prior to its last assessment, claiming to act under the authority of the aforesaid acts, had raised by tax more than four thousand dollars, but at the time of the assessment the entire property of the company was worth less than three thousand dollars.

The cause was argued before the CHIEF JUSTICE and Justice CARPENTER; by *Whelpley*, for plaintiffs, and *J. J. Scofield*, contra.

The CHIEF JUSTICE delivered the opinion of the court.

The only question presented for consideration is, whether the assessment was authorized by law.

The decision of this question depends entirely upon the true meaning of the phrase " capital stock," as used in the proviso of the first section of the supplemental act. The language of the proviso is, " that the *capital stock* of said corporation shall at no time exceed the sum of four thousand dollars." This phraseology admits obviously of two interpretations. It may have been designed either as a limitation of the amount authorized to be raised, or as a restriction of the value of the property to be held at any one time by the association.

The phrase " capital stock," as employed in acts of incorporation, is never, that I am aware, used to indicate the value of the property of the company. It is very generally, if not universally, used to designate the amount of capital to be contributed by the stockholders for purposes of the corporation. The amount thus contributed constitutes the " capital stock " of the company. The *value* of the stock may be greatly increased by surplus profits or be diminished by losses, but the amount of the capital stock remains the same.

The funds of the company may fluctuate. Its capital stock remains invariable, save by legislative enactment. This distinction between *the value of the property* of incorporated companies and their *capital stock* is perfectly familiar. An instance of the legislative adoption of the terms, in accordance with popular usage, will be found in the supplement to the act concerning taxes, passed the 14th of March, 1851. The fifth section of that act exempts from taxation so much of the *property* of incorporated companies, represented by the *capital stock* thereof, as, by virtue of the act, is taxed in the hands of stockholders.

It is clear that the term " capital stock " was used, in the original charter of this association, to limit the sum to be raised

by tax, and that the corporators so understood it. By their petition to the legislature, as set forth in the preamble of the supplement, they represent that they *have raised* the sum of two thousand dollars, the amount of the *capital stock* limited by their act of incorporation ; and they pray for the passage of an act authorizing the association to assess and raise by tax a further sum.   By " *capital stock,*" they obviously understood the sum authorized to be raised by tax, not the value of the property to be held by the company.   By well settled rules of construction, the like interpretation should be given to the same phraseology in all acts pertaining to the same subject matter.

If the clause under consideration be construed as a mere *restriction* of the amount of property to be owned by the association, there is no limitation whatever in the charter of the amount which may be raised by taxation.  Whenever and so often as the amount of property owned by the corporation may be reduced below the value of four thousand dollars, new assessments may be made to an indefinite extent.   Such a result cannot be supposed to have been within the contemplation, either of the legislature or of the members of the corporation.   If the case admitted of doubt, this consideration alone should be decisive of the question.   So broad a grant of corporate powers should never be raised, except in clear accordance with the manifest intent of the legislature.   If, as was suggested upon the argument, the power would be beneficially exercised, the remedy is with the legislature.

The assessment is illegal, and must be set aside.